PHILLIP A. TALBERT
Acting United States Attorney
KATHLEEN A. SERVATIUS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>OTONEL TORRES-CARDENAS, ET. AL.<br><br>                    Defendants. | CASE NO. 1:16-CR-00094 NONE-SKO<br><br>**STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER THEREON**<br><br>Date: April 21, 2021<br>Time: 8:30 a.m.<br>Honorable Sheila K. Oberto |

    The United States of America, by and through PHILLIP A. TALBERT, Acting United States Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by and through their respective attorneys of record, hereby request and stipulate to continue the status conference in this case from April 21, 2021 until August 18, 2021 at 1:00 p.m.

    On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.

    Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

STIPULATION TO CONTINUE STATUS CONFERENCE
AND EXCLUDE TIME
    1

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. Zedner v. United States, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). Id. at 507. And moreover, any such failure cannot be harmless. Id. at 509; see also United States v. Ramirez-Cortez, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which Zedner emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id.

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. Id. at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date

///

for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between April 21, 2021 until August 18, 2021 for the following reasons: the defendants need additional time to review the discovery, consult with their clients, and conduct further investigation. The case involves several controlled purchases of heroin. In addition, the discovery includes several thousand pages and videos and recordings. Defendant Medina was in December 2020 and defendant Quiroz 2021 in March and counsel requires additional time to review the discovery. The proposed status conference date represents the earliest date that all counsel is available, taking into account counsel's schedules, commitments to other clients, and the need for preparation in the case and further investigation. In addition, the public health concerns cited by General Order 611, 612, 617, 618, and 620 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the hearing proceed and it is difficult for defense counsel to meet with their clients and review discovery.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendant continuity of counsel, and unreasonably deny both the defendant and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. Section 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

///
///
///
///
///
///
///

STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME

3

Act.  Therefore, the parties request that the Court exclude the time between April 21, 2021 until August 18, 2021 from calculations under the Speedy Trial Act.

Dated: April 14, 2021                             PHILLIP A. TALBERT
                                                  Acting United States Attorney

                                                   /s/ *Kathleen A. Servatius*
                                                  KATHLEEN A. SERVATIUS
                                                  Assistant United States Attorney


Dated:  April 14, 2021                            /s/ *Alonzo Gradford*
                                                  Attorney for Otonel Torres-Cardenas


Dated:  April 14, 2021                            /s/ *Steven Crawford*
                                                  Attorney for Daniel Quiroz


Dated:  April 14, 2021                            /s/ *Richard Beshwate*
                                                  Attorney for Juan Medina


**ORDER**

　　　IT IS HEREBY ORDERED that the trial in this case be continued from April 21, 2021 until August 18, 2021  at 1:00 p.m.

　　　IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 21, 2021 until August 18, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.


Dated:     **April 19, 2021**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE


STIPULATION TO CONTINUE STATUS CONFERENCE               4
AND EXCLUDE TIME